Good morning. Next story off of the petitioner. May it please the Court. Petitioner's conviction under California Penal Code section 261.5c, unlawful sexual intercourse with a person under the age of 18, is not the aggravated felony, quote, sexual abuse of a minor, under the standards set out by this Court in U.S. v. Barone Medina. There, this Court said that it must interpret the term sexual abuse of a minor using the ordinary, contemporary, and common meaning of the words that Congress used. The Court said that it must use the categorical analysis and find an aggravated felony if and only if the full range of conduct covered under the statute constitutes sexual abuse of a minor. In Barone Medina, the Court found that lewd acts with a child under the age of 14, as prohibited by California Penal Code section 288a, constitutes sexual abuse of a minor. Even consensual sex is abuse when it is with a child too young to understand the nature of the advances, i.e., a child under the age of 14. There is a fundamental difference between the conduct prohibited in the statute in Barone Medina and the statute at issue here, which prohibits consensual sex with an older teenager. For instance, a 17-year-old and a 20-year-old girlfriend and boyfriend or common-law husband and wife who have sex can be convicted under California Penal Code section 261.5c, but that conduct simply does not meet the ordinary and contemporary meaning of the word abuse. And it does not meet the standards set out in Barone Medina. The average 17-year-old girl having consensual sex with her boyfriend or girlfriend understands the nature of the advances. We might not like the fact that 17-year-olds are having consensual sex. We may agree with the California legislature that this trend costs the State money in accidental pregnancies. But it is not abuse. But that's not what we have here, is it? I mean, if we were going to apply the categorical approach, how old was your client? My client was 19. And how old was the victim? The victim was 14 years, 10 months. 14 years, 10 months. So that's certainly those are the facts that you have to deal with here. And in applying the ordinary contemporary meaning of the word sexual abuse of a minor to those facts, what's your argument? My argument is that you have to apply, you have to look at the scenario that I've just explained. Well, we're not going to, I'm agreeing with you for the moment that we would apply the modified categorical approach. Your client was charged with something that falls squarely within that statute, and there is no other situation involved such as a common law wife situation or anything else. It seems to fall squarely within the prohibited conduct. As a boyfriend, girlfriend, consensual sex, the difference, Judge Bortlaw, is that the girlfriend in this issue is 14 and over, unlike the other cases that you have with Barone Medina and Sedano-Bierio and the other circuit court decisions. There's either an issue of force or an issue of a younger victim than 14. Counsel, the way the statute is phrased, it's murder, rape, or sexual abuse of a minor. The offense at issue used to be called statutory rape, and now it is frequently categorized as sexual abuse of a minor. But it appears under Barone Medina that your argument is already foreclosed, unless you can distinguish people over 14 from people under 14 with the adjective young in Barone Medina, because it said young children. Is there any support for doing that? Well, I don't quite understand the ---- Okay. Let me make it clearer. I'm thinking when you look at the state crime to decide whether the federal description is meant to fit it, one way that it would appear to fit is that it's rape, statutory rape rather than violent rape, but rape nevertheless, rather than consent being compelled by force, it's sex with a person unable to give valid consent. Right. A second category that it would seem to fit is sexual abuse of a minor under Barone Medina, because Barone Medina says that any conduct for purposes of sexual gratification with a young child fits that definition. The only distinction I can see from Barone Medina is that here the victim is one year older, and I'm wondering if that's enough of a distinction to make a difference. Well, there is the distinction of the sexual gratification in using a young child. Certainly it was for sexual gratification. I mean, there would be no other reason to do it. Right. We do believe that the age is something that should be considered and that a lot of the cases, when you'll see the other circuits, there is the under 14. Okay. What I'm looking for now is give me some support for distinguishing between 13-year-olds and 14-year-olds. That is really one of the main issues here. We just feel that there is a distinction. I can't point to any specific case law. Perhaps my colleague can do so. But, you know, the age of consent is also something that comes into play here, which in some States it is 15. So we're closer to that age than when you're under 14. The other issue is the purpose of the statute and the purpose of Section 261.5C, as enunciated by the California legislature, is to curb teenage pregnancies. There is a huge economic impact that having teenage pregnancies is causing the State of California. But there is now issue as to force and sexual predators. I mean, I think we have to distinguish here between consensual sex and sex that is being addressed here with 261.5C and some of the bigger harm of the sexual predators and people who are using minors for their sexual gratification. Can you help me by just describing – I understand the ages of the two people involved. Can you help me by describing the circumstances of the sexual intercourse? I'm sorry, Your Honor. Can you help me by describing the circumstances under which the sexual intercourse took place? In my case? Yes, please. Yes. My client and his girlfriend lived next door to each other, and she would leave her window open and would beckon for him to come into her bedroom. And the first instance that they had sexual intercourse, as I said, she was 14, 10 months. And so they had sex in her bedroom. The parents then of the 14-year-old had her move in with him and his parents, essentially acknowledging that this was an exclusive relationship. So there was no issue of force. There was no issue of – Did she come to be charged with this crime? The mother. The girl's mother pressed charges. After she agreed that the girl could move in with him? Yes, afterwards. Because after that arrangement for 30 days, it was obvious that these two young people were not ready for marriage. Well, it should have been obvious at the outset that she shouldn't have let her 14-year-old move in with the boy next door who was 19. Yes. But once having done so to press charges, it's really unusual. Yes. And so that is the basis. And is the crime of conviction for the intercourse that took place when she was 14 years, 10 months, or was it when she was older? There were two counts. First count when she was 14, 10 months, and then the second count when she was 15. That second count was dropped. I see. So the crime of conviction was for the date that she was younger. Yes. And at the time of the 14 years, 10 months, was that before or after she had moved in next door? That was before. That was before. And was this done, if we know, the 14 years, 10 months encounter, was that done with the knowledge of the parents? It would be different from not to know, Your Honor, since they were in her bedroom having sex. So the short answer is we're not sure. We don't know from the record now in front of us. Correct. Yeah. Thank you, counsel. Thank you. Good morning. My name is Carolyn Picotti, and it is my pleasure to represent the government in this case. This Court is divested of jurisdiction of this petition for review under 242A2C because the petitioner is convicted of an aggravated felony. Yeah, but the question is whether it is an aggravated felony. Can you help me by stating how far your argument goes? That is to say, is it your argument that any time anyone is convicted under this statute, that that is by necessity because of the conviction, sexual abuse of a minor within the meaning of the federal statute?  So then even if we have the minor at 17 years, 11 months, and the perpetrator at 20 years, 11 and a half months, in your view, that's sexual abuse of a minor within the meaning of the federal statute. Yes, it is. How can that possibly be? The definition of sexual abuse of a minor is left to the discretion of the Attorney General. And this Court owes deference to the way the Attorney General has interpreted that. And that has been interpreted by the Board of Immigration Appeals. Counsel, I could not find a case applying Chevron and the Guerre-Guerre-type deference to the BIA's determination of what constitutes an aggravated felony. Are you aware of any case law that treats this issue with deference? Specifically, this issue of the definition of aggravated felony. Correct. And of sexual abuse of a minor? Yeah. No, no. Listen to my question. Under Guerre-Guerre and Chevron, we accord deference to the interpretations by the INS and of the statute that it applies. However, as for the definition of aggravated felony, I have not found a single case that cites Chevron or Guerre-Guerre. I'm sure I'm pronouncing it wrong. I don't know how to pronounce it. I have not found a single case that applies that type of deference in any aggravated felony determination. Is there such a case? I can't answer that, Your Honor. I don't know. I can't answer that. All right. So we don't know about that. But as I think that the discourse ruling in Barron-Medina and Sedano-Guerre provide a significant analysis as to how to determine. Let me ask you about Barron-Medina. Okay. You know we have to apply the categorical analysis. That means even though this girl was 14 years, 10 months, we have to look at the whole range of conduct that the statute would apply to, and that would include 17-year-old  Yes. Now, I look at Barron-Medina. It says the use of young children for the gratification of sexual desires constitutes an abuse. And I'm looking at that word young there, and I'm thinking it must have some meaning. And when I look at the facts of Barron-Medina, the girl was a lot younger. She was, I think she was 13, if I recall correctly. There's a huge difference between pre-adolescent girls and adolescent girls, and there's a difference between early adolescent girls and 17-year-olds. And it strikes me as a little careless to treat 17-year-olds the same as 13-year-olds for purposes of categorizing them as young children. So I'm thinking there has to be a limit to Barron-Medina. Where's the limit? Well, Your Honor, for purposes of this statute, this is a statute of the equivalent of a statutory rape. And there is no limit specifically referred to in the statute. And the board and no court has determined what the outside of the parameters of that statute are. And the board, in a matter of small, has determined that certain misdemeanors  Well, for stat rape, there is a limit. I mean, there's no such thing as stat rape of a 30-year-old woman. Right. It's either rape or it isn't, but it's not stat rape. Right. There's an age limitation. But it is the government's belief that the board's decision, in a matter of small, sets out an analysis for determining whether or not this type of unlawful intercourse with a minor. Although it doesn't specify, you know, it doesn't make the distinction that you refer to is an aggravated felony. The board has interpreted that, and this Court owes its deference. I understand your position on that. Put to one side the deference, and maybe you've answered the question as best you can. I have trouble understanding, in the ordinary meaning of the term sexual abuse of a minor, how consensual sex between a girl who is 17-plus and a boy or a man of 20 years-plus is sexual abuse of the minor within the ordinary use of that term. Well, the common, the California legislature has determined that a minor is incapable of offering sexual abuse. Well, I understand that we would not be here were there not illegal under California law. My question is somewhat different, and that is, is this sexual abuse of a minor, which is not necessarily the same thing as statutory rape, or we now have a somewhat different label for it, but consensual sexual adult relations of this sort? Well, the board has ruled the matter of small that this type of behavior is an aggravated felony. It is sexual abuse of a minor and, therefore, an aggravated felony. And the board will look at the conviction documents. Well, you know, I understand all those things. I think the short answer is you don't really have an answer for me beyond simply relying on what the board has done. Yes. Okay. Why shouldn't we limit Baron Medina to the statute that it construed, child under the age of 14 years? I'm sorry. What was that? Why shouldn't we? Baron Medina treated a conviction under a California statute that applied to conduct with a child under the age of 14 years. That's the statute. Why shouldn't we limit Baron Medina to that statute, which is the one that it's holding applied to, rather than extend it to a different statute for sexual conduct with a person over the age of 14 years? Because it is the court is interpreting this statute, and the statute refers to unlawful intercourse, sexual intercourse with a minor. If you have to go behind the conviction documents and look at the actual facts underlying the circumstances underlying the actual conviction, then you're asking the board to go behind the conviction documents, which it's not permitted to do. I mean, it would be sort of too much. It's not permitted to do that? It has to look at just the fact of the conviction. Well, if it's required only to look at the – well, let me say this, then. If we find that the conviction, the crime of conviction as defined in the State statute is broader than the aggravated felony, that is to say, if we were to find that the conviction under this California statute is broader than the category of aggravated felony, if the board is forbidden to go behind the document that says this is the conviction to find out what actually happened, if we were to hold that there will be some convictions under the State statute that do not constitute aggravated felonies, that means no conviction under this statute could serve as an aggravated felony. Do you understand, then, the significance of the position you just took? That's not what I meant to say, then. Okay. Then what do you mean to say? That the conviction, a conviction under 261.5c, unlawful sexual intercourse with a minor, which the – this Court's ruling in Barron-Medina and Sedana-Villera, and has – which has also – Actually, we've never really actually ruled on this particular statute, have we? No, no. So this is really a case of first impression, and what you're asking us to do is to say that violation of this statute is categorically an aggravated felony. I guess it would make the board's job a lot easier, but I can think of many situations when we're looking at what a crime of violence is, for example, where we have other case law that directs the board to apply the modified categorical approach. Why is this statute different? It requires – it requires the analysis according to the circuit law. And the circuit law appears to be leading in that direction. But there's nothing quite on point. No, there isn't. The statute, which is statutory rape, could – I mean, it could conceivably punish consensual sex. Yes. Which question arises, is that abuse? A conviction under this – the analysis of whether or not it's abuse is precluded by a conviction under this. I mean, sexual abuse of a minor is unlawful intercourse with a minor under this. And the board would apply that stat – with that analysis of that statute. And I'm out of time. Counsel, I would have a much easier time with your argument if this case had been litigated as a rape case. Traditionally, females under 18 used to be semi-jocularly called jailbait, which meant everybody knew sex with them is a felony. Right. And it still is a crime under California law, though they've moderated the penalties. And if this were being litigated as a rape case, I wouldn't have much trouble calling it stat rape. But I'm having trouble calling a 17-year-old, a young girl, for purposes of sexual gratification using a child. Why – how come it's not being litigated as a rape case? He wasn't charged under – the Petitioner wasn't charged under that. He was charged under 1101A43A, which includes murder, rape, sexual abuse of a minor. Murder, rape, and sexual abuse of a minor. I can't answer why the service didn't charge him specifically with rape. Well, I think it's because the word in that statute doesn't mean statutory rape. It means rape. But let me ask you a different question. That would be a question we would answer if that were the case. But let me ask you a different question, if I may. You heard your adversary describe the circumstances under which the sexual encounter took place. Do you agree with the – do you agree that those are the circumstances? That's what the administrative record indicates. Where does it so indicate? In the conviction documents, in the – I think it's the pre-sentence report. Do we – do I have that in front of me? I was looking. That's why I'm asking you. Maybe the other side can help me. I'm happy to take my help wherever I can get it. I have it here in the superior – document issued by the Superior Court of California County of Probation Officers Report. Okay. What page is that on the administrative record? It doesn't have a page.  It's not. Are you looking at the administrative record, which is what I'm looking at? Look in the lower right-hand corner of the page. Yes. I know. What I'm wondering is if this is not in the administrative record. No, it isn't. It isn't in the administrative record. So it's not on the record before us in any form? No, it isn't. So you're – The closest thing to that would be on pages 84 and 85. Okay. Let me get with you. Oh, yeah, this is pretty unhelpful. That is to say, this does essentially nothing more than simply recite the narrative form, basically the terms of the statute. So if we were to take the position that it is conceivable in some circumstances that sexual intercourse between a girl of 14 years, 10 months, and a boy or a man more than three years older would not constitute sexual abuse of a minor within the aggravated felony definition, what do we do? That is to say, I don't know what the circumstances are based on the record in front of me. Well, if we were to say that sexual abuse of a minor is not categorically an aggravated felony, then the analysis of whether it is under the modified categorical approach has never even been performed. You don't even have the documents in the record to perform that analysis. That's correct. It would have to be remanded then. I think that would be the right result. And so your earlier answer that they can't look behind the documents of conviction doesn't stand, right? In that event, you're asking that we remand so the documents of conviction can be set to one side so that they can be looked behind. Well, then the case would have to be terminated then because the service hadn't met its burden of proving the charge. I'm lost now. I thought the whole point of the categorical approach was you take the documents of conviction and determine whether that is within the federal category, and that's the end of the story. You don't investigate exactly what the circumstances of the crime were. Yes, that's true. That's true, yes. Okay. I can't respond to that. Thank you, counsel. All right. Valdez Camacho v. Ashcroft is submitted.
judges: Kleinfeld, Wardlaw, W Fletcher